UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BARNES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:11 CV 335 RWS |
| v. | ) |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiffs' Motion to Remand [#12]. Plaintiffs seek to remand the case arguing that federal subject matter jurisdiction is lacking because the amount in controversy is less than $75,000 exclusive of interest and costs. Plaintiff has filed a stipulation signed by Ms. Barnes from which I can conclude the jurisdictional amount in controversy does not exceed $75,000. As a result, I am without jurisdiction to hear this case and will grant Plaintiff's Motion to Remand.

Plaintiffs filed this action in Circuit Court of the City of St. Louis, State of Missouri. Defendant State Farm Mutual Automobile Insurance Company removed this case on February 23, 2011 based on diversity of citizenship under 28 U.S.C. § 1332.

The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The party seeking removal must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the

damages that the plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

On March 30, 2011, Plaintiff filed a stipulation that indicates that upon remand neither she nor her child K.B. will seek nor accept greater than $75,0000 in state court [#14]. As a result, I find that the affidavit provides a sufficient basis to conclude that the jurisdictional amount in controversy does not exceed $75,000.

Because subject matter jurisdiction is lacking in this case, 28 U.S.C. § 1447(c) requires that the case be remanded to the state court from which it was removed. Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Remand [#12] **GRANTED**.

An Order of Remand will accompany this Memorandum and Order.

                                                                  _____
                                                                  RODNEY W. SIPPEL
                                                                  UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2011.